UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIM FULLER, CLERK OF THE CIRCUIT
COURT OF DUVAL COUNTY, FLORIDA,

CASE NO. 3:11-CV-1153-J-20MCR

DISPOSITIVE MOTION

Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
MERSCORP, INC.,

Defendants.

**DEFENDANTS' MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................................... 1

    A.    PLAINTIFF'S LEGAL THEORY AS ALLEGED IN THE
        COMPLAINT ........................................................................ 5

II.   ARGUMENT ............................................................................... 7

    A.    MOTION TO DISMISS STANDARD–A VIABLE LEGAL THEORY ........ 7

    B.    MERS IS THE MORTGAGEE UNDER FLORIDA LAW ............................ 8

    C.    It Is Legally Impossible To "Usurp" The Rights And Privileges Of The
        Clerk Of Duval County To Maintain The Public Land Records For
        The Filing And Recording Of Liens On Real Property .................................. 11

    D.    Plaintiff Lacks Standing........................................................................ 14

        1.    The "Clerk to be County Recorder" Statute Does Not Provide
            the Clerk with a Private Cause of Action........................................... 14

        2.    Plaintiff Also Lacks Standing Because He Has No Legally
            Protected Interest In Collecting Recording Fees For Documents
            That Were Never Recorded ............................................................. 16

            a.    There is no duty to record mortgages or assignments of
                mortgages in Florida and thus Plaintiff cannot be
                injured by the absence of recording and the absence of
                the accompanying recording fees........................................... 16

            b.    Even if there were a duty to record a particular
                document, Plaintiff cannot be injured by the
                "deprivation" of recording fees because he is not
                entitled to a recording fee until he provides the service
                of recording the instrument................................................... 19

    E.    THE COMPLAINT FAILS TO STATE COGNIZABLE CLAIMS ............. 20

        1.    Plaintiff's Count I Fails To State A Cause Of Action Writ of
            Quo Warranto...................................................................................... 20

        2.    Plaintiff's Count IV Fails To State A Cause of Action For
            Unjust Enrichment ............................................................................ 22

        3.    Plaintiff's Counts V and VI Fail To State Causes Of Action For
            Fraudulent Misrepresentation Or Negligent Misrepresentation ........ 23

        4.    Plaintiff's Count II Fails To State A Cause Of Action For
            Injunctive Relief................................................................................ 24

        5.    Plaintiff's Count III Fails To State A Cause Of Action For
            Civil Conspiracy ............................................................................... 25

III.  CONCLUSION........................................................................... 26

TABLE OF AUTHORITIES

*Adams v. Niemann*, 8 N.W. 719 (Mich. 1881)..............................................................10

*Advanced Cartridge Techs., LLC v. Lexmark Intern. Inc.*,
    2011 WL 6719725 (M.D. Fla. 2011) ...............................................................20

*Allen v. Chase Home Finance, LLC*, No. 4:11-cv-223,
    2011 WL 2683192 (E.D. Tex. June 10, 2011) ...................................................9

*America United Life Insurance Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007)...................8, 25

*Aramark Uniform & Career Apparel, Inc. v. Eason*, 894 So. 2d 20 (Fla. 2004).........................15

*Austin v. State ex rel. Christian*, 310 So. 2d 289 (Fla. 1975) .......................................21

*Bates v. MERS, Inc.*, No. 3:10-cv-407,
    2011 WL 1304486 (D. Nev. Mar. 30, 2011) .................................................18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................7

*Boruchoff v. Ayvasian*, 323 Mass. 1 (1948) ..........................................................10

*Cervantes v. Countrywide Home Loans, Inc.*, No. 2:09-cv-00517,
    2009 WL 3157160 (D. Ariz. Sept. 24, 2009), *aff'd*, 656 F.3d 1034 (9th Cir.) ..................9

*Ciardi v. Lending Co.*, No. 10-cv-0275, 2010 WL 2079735 (D. Ariz. May 24, 2010)..................9

*Commercial Germania Trust & Sav. Bank v. White*, 81 So. 753 (La. 1919).............................10

*Craig v. Little Pearls Adoptions Agency, Inc.*, No. 8:10–cv–671–T–30TGW,
    2011 WL 2693716 (M.D. Fla. July 12, 2010) ...............................................23

*David v. Sun Federal Sav. & Loan Association*, 461 So. 2d 93 (Fla. 1984)................................8

*First America Title Insurance Co. of St. Lucie County v. Dixon*,
    603 So. 2d 562 (Fla. 4th DCA 1992) ..............................................15, 16, 24

*First National Bank v. National Grain Corp.*, 131 A. 404 (Conn. 1925)....................................10

*Fischer v. Metcalf*, 543 So. 2d 785 (Fla. 3d DCA 1989)...................................................15

*Fla. AGO 2008-03*, 2008 WL 290918 (Fla. A.G. 2008) ...............................................19

# TABLE OF AUTHORITIES

Page

*Fong v. Batton*, 214 So. 2d 649 (Fla. 3d DCA 1968) ....................................................18

*Fouts v. Bolay*, 795 So. 2d 1116 (Fla. 5th DCA 2001)..................................................21

*Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984) ....................................................8

*Govane Building Co. v. Sun Mortg.*, 144 A. 486 (Md. 1929).........................................10

*Greco v. Tampa Wholesale Co.*, 522 So. 2d 506 (Fla. 2d DCA 1988)...........................20

*Hostway Services, Inc. v. Hway FTL Acquisition Corp.*, No. 09-61315-CIV,
    2010 WL 3604671 (S.D. Fla. Sept. 13, 2010) ....................................................25

*In re Halabi*, 184 F.3d 1335 (11th Cir. 1999)................................................................18

*In re MERS Litigation (MDL 2119)*, 2:09-md-2119-JAT,
    2011 WL 251453 (D. Ariz. Jan. 25, 2011) ...................................................9,24

*In re MERS Litigation (MDL 2119)*, 2:09-md-2119-JAT,
    2011 WL 4550189 (D. Ariz. Oct. 3, 2011)........................................................24

*In re MERS Litigation (MDL 2119)*, 744 F. Supp. 2d 1018 (D. Ariz. 2010)............9, 24

*Jackson v. MERS Inc.*, 770 N.W.2d 487 (Minn. 2009)....................................................9

*Kiah v. Aurora Loan Services*, No. 10-40161-FDS,
    2011 WL 841282 (D. Mass. Mar. 4, 2011)........................................................9

*Lawrenceville Cement Co. v. Parker*,
    15 N.Y.S. 577 (Sup. Ct. 1891)........................................................................10

*Leffler v. Smith*, 388 So. 2d 261 (Fla. 5th DCA 1980) ..................................................12

*MERS, Inc. v. Revoredo*, 955 So. 2d 33 (Fla. 3d DCA 2007)................................3, 8, 9

*Martinez v. Martinez*, 545 So. 2d 1338 (Fla. 1989).......................................................21

*McGinnis v. GMAC Mortg. Corp.*, No. 2:10-cv-00301,
    2010 WL 3418204 (D. Utah Aug. 27, 2010) ......................................................9

TABLE OF AUTHORITIES

Page

*McNeely v. Berk*, No. 5:10-cv-682-Oc-37TBS,
   2011 WL 5358057 (M.D. Fla. Oct. 31, 2011) ....................................................14

*Manufacturers' Trust Co. v. People's Holding Co.*,
   110 Fla. 451, 149 So. 5 (Fla. 1933) ...............................................................18

*MERS, Inc. v. Revoredo,* 955 So. 2d 33, 34 (Fla. 3d DCA 2007)......................................3

*Mortg. Elec. Reg. System, Inc. v. Azize*, 965 So. 2d 151 (Fla. 2d DCA 2007) ....................3, 9, 10

*Murthy v. N. Sinha Corp.*, 644 So. 2d 983 (Fla. 1994) ................................................15

*Nianni, LLC v. Fox*, No. 2:11–cv–118–FtM–36DNF,
   2011 WL 5357820 (M.D. Fla. Nov. 7, 2011) ...................................................23

*Nicholson v. OneWest Bank*, No. 1:10-cv-0795,
   2010 WL 2732325 (N.D. Ga. Apr. 20, 2010) ...................................................9

*Ogden State Bank v. Barker*, 40 P. 769 (Utah 1895) ................................................10

*Oglesbee v. Indymac Finance Services, Inc.*,
   686 F. Supp. 2d 1313 (S.D. Fla. 2010) ...........................................................10

*Orange County v. City of Orlando*, 327 So. 2d 7 (Fla. 1976)........................................21

*Paterson v. Brafman*, 530 So. 2d 499 (Fla. 3d DCA 1988)...................................12, 24

*Peoples National Bank of Commerce v. First Union National Bank of Fla., N.A.*,
   667 So. 2d 876 (Fla. 3d DCA 1996) ...............................................................22

*Phan v. Accredited Home Lenders Holding Co.*, No. 3:09-cv-328-J-32TEM,
   2010 WL 1268013 (M.D. Fla. Mar. 29, 2010) ...............................................23

*Pierson v. Orlando Reg'l Healthcare System, Inc.*,
   619 F. Supp. 2d 1260 (M.D. Fla. 2009)...........................................................25

*Pitts v. Pastore*, 561 So. 2d 297 (Fla. 2d DCA 1990)..................................................8

*Poladian v. Johnson*, 85 So. 2d 140 (Fla. 1955).......................................................13

*Rinehart v. Phelps*, 7 So. 2d 783 (Fla. 1942).....................................................11, 12

## TABLE OF AUTHORITIES

Page

*Rounds v. Genzyme Corp.*, No. 11–11025,
2011 WL 3925353 (11th Cir. Sept. 8, 2011) ....................................................7

*Stalley v. Orlando Reg'l Healthcare System, Inc.*, 524 F.3d 1229 (11th Cir. 2008).....................20

*State ex rel. Bruce v. Kiesling*, 632 So. 2d 601 (Fla. 1994).......................................21

*State ex rel. Smith v. Brummer*, 426 So. 2d 532 (Fla. 1982),
cert. denied, 464 U.S. 823, 104 S.Ct. 90, 78 L.Ed.2d 97 (1983) ......................................21

*Taylor v. Deutsche Bank Nat'l Trust*, 44 So. 3d 618, 620 (Fla. 5th DCA 2010) ...............3, 8, 9, 24

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956 (11th Cir. 2007)..................................8

*Townsend v. Morton,* 36 So. 3d 865, 869 (Fla. 5th DCA 2010)....................................17

*Trent v. Mortg. Elec. Reg. Sys., Inc.,* 288 F. App'x 571, 572 (11th Cir. 2008) ..............3, 8, 10, 24

*Tri-County Produce Distributors, Inc. v. Ne. Prod. Credit Association*,
160 So. 2d 46 (Fla. 1st DCA 1963) ...........................................................12, 17

*Tyler v. Johnson*, 55 So. 870 (Fla. 1911) ...................................................11, 12

*Vawter v. Quality Loan Servicing*, 707 F. Supp. 2d 1115 (W.D. Wash 2010)..............................9

*Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842 (Fla. 2003)..................................15

*Winter v. Mack*, 142 Fla. 1, 194 So. 225 (1940)...........................................21

*Wright v. Yurko*, 446 So. 2d 1162 (Fla. 5th DCA 1984) ...........................................25

*Yellow Pages Photos, Inc. v. User-Friendly Phone Book, LLC*, No. 8:10–cv–436–T–
33EAJ, 2011 WL 2081811 (M.D. Fla. May 25, 2011).......................................7

*Zaucha v. Town of Medley*, 66 So. 2d 238 (Fla. 1953) ...............................................12

## STATUTES, RULES AND ADDITIONAL AUTHORITIES

Am. Jur. 2d Records and Recording Laws § 40 ...........................................................13

Federal Rules of Civil Procedure 12(b)(1)..........................................................1

## TABLE OF AUTHORITIES

Page

Fla. Stat. § 28.222 ................................................................................................................12

Fla. Stat. § 695.11 ...............................................................................................................12

Fla. Stat. § 701.02(1)............................................................................................................17

## DEFENDANTS' MOTION TO DISMISS
## AND MEMORANDUM OF LAW IN SUPPORT

Defendants MERSCORP Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively MERSCORP and MERS are the "MERS Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), move to dismiss Plaintiff Jim Fuller's, the Clerk of Court for Duval County, Class Action Complaint ("Complaint") because Plaintiff lacks standing to bring the lawsuit and the Complaint fails to allege any claim or legal theory upon which he is entitled to relief.

## I.     INTRODUCTION

This lawsuit rests not on any factual allegations but entirely on baseless and frivolous legal theories alleged by the Clerk of the Duval County Court, and it should be dismissed as a matter of law.  Plaintiff claims that the MERS Defendants have not assigned mortgages in MERS' name that, if assigned, *would have been* recorded with the Duval County Clerk.  The Clerk of the Court alleges that he is *entitled* to the recording fees for mortgage assignments that were not created and not recorded.  But Florida law does not require any person to create mortgages or mortgage assignments and then record them, and, indeed, no such requirement is alleged in the Complaint.  And the Clerk of the Court does not allege that he performed any services, including the recording of any documents, for which he was not paid.  Without any allegations of services performed for which he was not paid, the Plaintiff Clerk could not have been damaged or injured by his alleged loss of user fees for what is a non-mandatory government service.  Consequently, the Complaint fails to state any claim for which Plaintiff is entitled to relief, it fails to allege a legally cognizable injury, and Plaintiff does not have standing to bring this lawsuit.

The theory by which Plaintiff purports to be entitled to recording fees lacks any legal authority.  The Complaint alleges how MERS works and how it operates, about which there is little factual dispute, and which allegations are accepted as true for purposes of this Motion.  When a mortgage loan is originated, resulting in both a note and a mortgage, the lender is the obligee on the promissory note, and the borrower and the lender contractually designate MERS as the mortgagee as nominee for the lender.  Compl., ¶¶17–20.  MERS then becomes the record mortgagee in the public land records for Duval County, and if the lender sells the note secured by the mortgage to another MERS member, MERS remains the mortgagee, as nominee (or agent) for the new note holder.  *Id.*  Because the mortgagee MERS remains the same, the mortgage is not and need not be assigned, and there is, therefore, no need to record a mortgage assignment because one was not created to record. *Id.*  MERSCORP tracks the lenders' beneficial rights in, and servicing rights to, the mortgage loan registered by the member on the MERS® System.  *See id.* at ¶ 18.

Plaintiff then appends to his benign allegations of how the MERS Defendants legally work the baseless and conclusory legal allegation that because the MERS® System makes it unnecessary to assign and record mortgages between MERS members when the promissory note is transferred, the MERS® System is an "unlawful scheme" that somehow illegally avoids the payment of recording fees to the County Clerks.  But Florida courts have held repeatedly, after much scrutiny of the MERS® System, that the designation of MERS as a

mortgagee, as the nominee for the lender and its assigns, is perfectly appropriate and legally sound.[1]

So lacking in merit is Plaintiff's theory that, even if a MERS mortgage were in some manner improper or invalid (notwithstanding that the 11th Circuit and this Court have held to the contrary), the Complaint fails to allege how a MERS mortgage creates an obligation to the *Clerk of the Court* to assign that mortgage, record the assignment of the mortgage, and pay the Clerk a recording fee.  In other words, even if there were any support for Plaintiff's allegations about MERS being an "unlawful scheme," which there is not, Plaintiff still has not alleged a legal theory by which a Clerk can sue for recording fees for documents that were not created and then not recorded.  Quite simply, there can be no "unlawful scheme" to avoid the recording of documents when there is no obligation whatsoever to record the documents.

Nevertheless, the Complaint attempts to cure its pleading deficiencies with more patently frivolous legal conclusions.  The Complaint alleges that MERSCORP's internal tracking of its members' interests in the promissory notes secured by the mortgages "violates Section 28.222" of the Florida statutes and that "MERS has usurped the rights and privileges of the Florida Clerks of Court" by creating its own private system that "unlawfully interferes and competes with the public recording system." *Id.* ¶¶ 23, 25.  The allegation is

---

[1]  *E.g. Trent v. Mortg. Elec. Reg. Sys., Inc.,* 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the mortgage contracts, Mortgage Systems [MERS] has the legal right to foreclose on the debtors' property.  Mortgage Systems is the mortgagee."); *Taylor v. Deutsche Bank Nat'l Trust,* 44 So. 3d 618, 620 (Fla. 5th DCA 2010) (holding that a MERS mortgage was valid); *Mortg. Elec. Reg. Sys., Inc. v. Azize,* 965 So. 2d 151, 152 (Fla. 2d DCA 2007) ("The mortgage specified that 'MERS is the mortgagee under this Security Instrument."); *MERS, Inc. v. Revoredo,* 955 So. 2d 33, 34 (Fla. 3d DCA 2007) (holding "that no substantive rights, obligations or defenses are affected by the use of the MERS device, there is no reason why mere form should overcome the salutary substance of permitting the use of this commercially effective means of business.").

meaningless because it is legally impossible to usurp, interfere, or compete with the public recording system.  Recording a lien in the public recording system places the public at large on notice of the lien on the real property through the creation of a legal inference.  This legal inference is created by statute and, therefore, an alleged "private" recording system cannot, as a matter of law, compete with or usurp this uniquely governmental function that arises out of Florida's statutory provisions.  A lien "recorded" "privately" does not, as a matter of law, place the public on notice of the lien, and thus any "privately" "recorded" lien is ineffective and of no legal force in providing notice of such lien to a subsequent bona fide purchaser or creditor.  Accordingly, there is absolutely no merit to Plaintiff's legal theory that MERS could or did "usurp" the public recording function.  And again, how such an allegation would entitle a Clerk of the Court to recording fees is not alleged in the Complaint.[2]

Plaintiff also lacks standing to bring a claim pursuant to § 28.222 because the statute does not create a cause of action on behalf of a Clerk.  Section 28.222–which is titled "Clerk to be county recorder" simply and only outlines the *ministerial duties of the circuit clerk* for recording documents that are required or authorized to be recorded.  The statutory provision does not create a cause of action for a Circuit Clerk because the statute was not enacted for his or her benefit; rather, the statute is intended to protect bona fide purchasers or creditors by establishing a central and common place for such purchasers or creditors to be placed on notice of liens that exist on real property.  In addition to § 28.222 providing no cause of

---

[2]  MERSCORP members register their loans on the MERS® System so the loan can be tracked by noting, among other things, changes to the investor and servicer of the loan.  MERSCORP members do not "record" mortgages or mortgage assignments on the MERS® System; such mortgages and mortgage assignments are recorded in the public land records as they wish, and the recording fees, of course, are paid to the Clerk, when MERSCORP members intend to place the public on notice that there is a lien on the real estate and establish the priority of such lien.

action, it also conspicuously lacks any prohibitions that the MERS Defendants could conceivably violate.  The Plaintiff Clerk has no standing to bring this lawsuit.

Based on the above-described legal theories, the Complaint attempts to allege five separate causes of action—Writ of Quo Warranto, Civil Conspiracy, Unjust Enrichment, Fraudulent Misrepresentation, and Negligent Misrepresentation.  Because Plaintiff (a) does not allege any wrongdoing by the MERS Defendants (as there is no obligation that MERS create or record mortgage assignments and it is impossible to usurp the public recording function), and (b) cannot alleged and cognizable injury or damages, he lacks standing to bring these claims.  The five causes of action alleged also each fail to set forth the elements of each claim such that they show that the Plaintiff is entitled to any relief.  Plaintiff's Complaint should be dismissed, and it should be dismissed with prejudice.

### A.    PLAINTIFF'S LEGAL THEORY AS ALLEGED IN THE COMPLAINT

Plaintiff purports to bring an action "to recover millions of dollars in unpaid recording fees unlawfully avoided through a nationwide scheme perpetrated by MERS . . . ." Compl. ¶ 7.  Plaintiff describes MERS and how the designation of MERS as the mortgagee (as the nominees or agent for the Lender and its assigns) on the mortgage or security makes the assignment of mortgages unnecessary when the underlying note is transferred between MERS members such that MERS remains as the designated mortgagee (and therefore there is no assignment of the mortgage, and of course then no mortgage assignment to record).  *Id.* ¶¶ 17–21.  Despite the long-standing and widespread use of MERS and the MERS® System in Florida, which has been scrutinized and repeatedly approved by Florida courts and by the Eleventh Circuit Court of Appeals, Plaintiff baldly alleges, without any basis, that somehow

MERS is an "unlawful scheme" (*id*. ¶ 18), and that the alleged scheme relies on MERS being "falsely" designated as the mortgagee on recorded mortgages.  *Id*. ¶ 26 (MERS' claim "that it is a 'mortgagee' is a falsehood").  Plaintiff alleges that MERS is falsely designated as the mortgagee because "MERS does not lend any money or otherwise finance the purchase of any real property."  *Id.*

Based on these conclusory legal assertions that MERS is an "unlawful scheme," Plaintiff then proceeds to allege legal theories that are lacking in any basis in the law in order to allow him to sue to recover recording fees for mortgage assignments that were never created, were never necessary or required, and thus never recorded in the public, land records which Plaintiff administers.  Plaintiff alleges that MERS and the MERS® System violate § 28.222(1) and (6) of the Florida Statutes (Compl. ¶ 23), which sections outline the purely *ministerial duties* of the clerks of the circuit courts when recording documents.  § 28.222, FLA. STAT.[3]  Plaintiff alleges that MERS violates § 28.222 because MERS has set up a "private recording system" that "usurps" the public function of recording.  Compl. ¶¶ 23, 25.  Plaintiff claims to be entitled to "unpaid recording fees" under the theory that MERS has "privatize[d] the recording of mortgage assignments in Duval County," such that mortgage assignments that would have been "recorded in the Official Records by the clerk . . . [are now recorded in MERS'] own private recording system."  *Id.* ¶ 22.

---

[3]  **28.222   Clerk to be county recorder.—**

(1)      The clerk of the circuit court shall be the recorder of all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk.  * * *

(6)      All instruments recorded in the Official Records shall always be open to the public, under the supervision of the clerk, for the purpose of inspection thereof and of making extracts therefrom; but the clerk shall not be required to perform any service in connection with such inspection or making of extracts without payment of service charges as provided in s. 28.24.

Plaintiff also purports to plead six Counts against MERS each premised on the same theories that MERS is "falsely" designated as the mortgagee, is usurping the Clerk's right to record documents in the public recording system, and that MERS is violating § 28.222 through use of a private recording system.  The Counts include common law claims for a Writ of Quo Warranto (Count I); Injunctive Relief (Count II); Civil Conspiracy (Count III); Unjust Enrichment (Count IV); Fraudulent Misrepresentation (Count V); and Negligent Misrepresentation (Count VI).  *See* Compl. ¶¶ 38–78.

## II.    ARGUMENT

### A.    MOTION TO DISMISS STANDARD–A VIABLE LEGAL THEORY

To survive a motion to dismiss, a complaint must plead sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff is obligated to provide factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Additionally, "a plaintiff's obligation to provide the ground of his entitlement to relief requires more than labels and conclusions." *Id.*  To survive a motion to dismiss, a complaint must allege sufficient facts "*to sustain recovery under some viable legal theory.*"  *Yellow Pages Photos, Inc. v. User-Friendly Phone Book, LLC*, 2011 WL 2081811, at *1 (M.D. Fla. 2011) (emphasis added) (quoting *Roe II v. Aware Woman Ctr. for Choice, Inc.*, 253 F. 3d 678, 683 (11th Cir. 2001)).  Dismissal pursuant to Rule 12(b)(6) is appropriate if there is no law to support the claims that are being alleged.  *See Rounds v. Genzyme Corp.*, 2011 WL 3925353, at *4 (11th Cir. 2011).  No plausible or viable legal theory is alleged in the Complaint, and it should be dismissed with prejudice.  Additionally, where a complaint, as it does here, includes allegations of fraud

or conspiracy, Rule 9(b) requires the allegations to be pled with particularity. *See Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067–68 (11th Cir. 2007); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

### B.      MERS IS THE MORTGAGEE UNDER FLORIDA LAW

A central legal allegation in Plaintiff's Complaint is that the designation of MERS as a mortgagee is a "falsehood" because MERS does not lend money or finance the purchase of property.  Compl. ¶¶ 26.  This legal conclusion, however, is not a factual allegation, but rather it is an assertion about the legal status of a mortgage designating MERS as the mortgagee.  And it is contrary to established Florida law and to the legal finding by the Eleventh Circuit Court of Appeals.  *Trent v. Mortg. Elec. Reg. Sys., Inc.*, 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the mortgage contracts, [MERS] has the legal right to foreclose on the debtors' property.  [MERS] is the mortgagee."); *MERS, Inc. v. Revoredo*, 955 So. 2d 33, 34 (Fla. 3d DCA 2007) (holding "that no substantive rights, obligations or defenses are affected by the use of the MERS device, there is no reason why mere form should overcome the salutary substance of permitting the use of this commercially effective means of business.").

Under Florida law, a mortgage is a contract. *See David v. Sun Fed. Sav. & Loan Ass'n,* 461 So. 2d 93, 95 (Fla. 1984) ("a mortgage confers contract right[s]"); *Pitts v. Pastore,* 561 So. 2d 297, 300-01 (Fla. 2d DCA 1990) (a mortgage is a contract).  And MERS is designated as the mortgagee in the mortgage contract.  *See Taylor,* 44 So. 3d at 620. Courts in Florida, as well as courts throughout the country, have consistently affirmed the use

of MERS as the designated mortgagee of record, and the legal principle that MERS may

serve as the mortgagee, as nominee (or agent) for the lender and lender's successors and

assigns.  *E.g.*, *Revoredo*, 955 So. 2d at 34 (holding "that no substantive rights, obligations or

defenses are affected by the use of the MERS device, there is no reason why mere form

should overcome the salutary substance of permitting the use of this commercially effective

means of business.") [4].

Florida courts have held that MERS is the mortgagee, and have rejected any legal

notion that MERS serving as the mortgage of record is a "falsehood."  *Taylor,* 44 So. 3d at

622 (approving that "MERS is identified in the mortgage as the mortgagee under this

Security Agreement"); *Mortg. Elec. Registration Sys., Inc. v. Azize*, 965 So. 2d 151, 152 (Fla.

2d DCA 2007) ("The mortgage specified that 'MERS is the mortgagee under this Security

---

[4]  *See also Mortg. Elec. Reg. Sys., Inc. v. Azize,* 965 So. 2d at 151, 153 (MERS is the mortgagee and has the
ability to foreclose); *Cervantes v. Countrywide Home Loans, Inc.*, No. 2:09-cv-00517, 2009 WL 3157160, at
*10 (D. Ariz. Sept. 24, 2009) ("Plaintiffs' argument that MERS is a 'sham' beneficiary is unconvincing."),
aff'd, 656 F.3d 1034; *Allen v. Chase Home Fin., LLC*, No. 4:11–cv–223, 2011 WL 2683192, at *3 (E.D. Tex.
June 10, 2011) ("MERS is a mortgagee under the Texas Property Code."); *Kiah v. Aurora Loan Servs.*, No. 10-
40161-FDS, 2011 WL 841282, at *8 (D. Mass. Mar. 4, 2011), ECF No. 50 ("In any case, and as plaintiff also
acknowledges, MERS had the power to act as the agent of any valid note holder under the terms of the
mortgage documents.  The plain language of the mortgage states that MERS was acting as nominee for [the
lender] and its 'successors and assigns.'"); *In re MERS Litig.*, No. 2:09-md-02119, 2011 WL 251453, at *8 (D.
Ariz. Jan. 25, 2011) ("The MERS system is not fraudulent, and MERS has not committed any fraud."); *In re
MERS Litig.*, No. 2:09-md-02119, 2010 WL 4038788, at *10 (D. Ariz. Sept. 30, 2010) (same); *Ciardi v.
Lending Co.*, No. 10-cv-0275, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010) ("Plaintiffs also argue that
MERS is not a valid beneficiary entitled to initiate foreclosure. . . .  To the extent Plaintiffs rely on a theory that
the beneficiary must have an interest in the actual note, Plaintiffs have failed to cite any law so requiring . . . .);
*Nicholson v. OneWest Bank*, No. 1:10-cv-0795, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010) ("[T]he
nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a
beneficial interest in the note secured by the mortgage."); *McGinnis v. GMAC Mortg. Corp.*, No. 2:10–cv–
00301, 2010 WL 3418204, at *3 (D. Utah Aug. 27, 2010) ("The court dismisses Mr. McGinnis' fraud claim and
the portions of his claims for quiet title and injunctive relief that rely on the argument that MERS lacks
authority to foreclose on the security interest."); *Vawter v. Quality Loan Servicing*, 707 F. Supp. 2d 1115 (W.D.
Wash 2010) (no facts to support allegation that MERS was not beneficiary under Washington law); *Cervantes
v. Countrywide Home Loans, Inc.*, No. 2:09-cv-00517, 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009)
("Plaintiffs' argument that MERS is a 'sham' beneficiary is unconvincing."), aff'd, 656 F.3d 1034 (9th Cir.
2011); *Jackson v. MERS Inc.*, 770 N.W.2d 487, 499 (Minn. 2009) ("Our case law establishes that a party can
hold legal title to the security instrument . . . without holding an interest in the promissory note.").

Instrument."). Likewise, the Eleventh Circuit affirming this Court, as well as the Southern District, has found that MERS, as a matter of law, may serve and act as the mortgagee. *Trent v. Mortg. Elec. Registration Sys., Inc.*, 288 Fed. Appx. 571, 572 (11th Cir. 2008) ("[MERS] is the mortgagee"); *Oglesbee v. Indymac Fin. Servs., Inc.*, 686 F. Supp. 2d 1313, 1317 (S.D. Fla. 2010) ("MERS is the mortgagee on the subject loans.").[5]

Florida courts have also rejected Plaintiff's specific allegation that MERS is "falsely" designated as the mortgagee because MERS "does not lend any money or otherwise finance the purchase of any real property." Compl. ¶ 26. In *Taylor*, Florida's Fifth District Court of Appeal held that a mortgage assignment "was not defective by reason of the fact that MERS lacked a beneficial ownership interest in the note at the time of the assignment." 44 So. 3d at 623. Indeed, the court quoted language from the MERS mortgage itself expressly stating that "MERS holds only legal title to the interests granted by Borrower in this Security Instrument," and thus MERS plainly lends no money and owns no interest in the underlying loan. *Id.* at 622; *see also Mortgage Electronic Regis. Sys., Inc. v. Azize,* 965 So.2d at 153–54 (Ownership of a beneficial interest in the underlying loan had no effect on MERS serving as a mortgagee.) Indeed, for more than a century and long before MERS was created, it was, and remains, a widely accepted rule of law that a mortgagee designated on a mortgage may be a person other than the owner of the debt secured thereby.[6]

---

[5] Because Florida law unanimously affirms and allows the designation of MERS as mortgagee, Plaintiff's allegations that MERS has somehow "degraded" or "eroded the accuracy" of Florida's public recording system by designating MERS as the mortgagee on recorded mortgages has no legal or factual basis whatsoever and is without any merit. *See* Compl. ¶¶ 16, 51.

[6] *See, e.g., First Nat'l Bank v. Nat'l Grain Corp.,* 131 A. 404, 406-07 (Conn. 1925) ("A mortgage may be held for the security of the real creditor, whether he is the party named as mortgagee or some other party, for the provisions of a mortgage are not necessarily personal to the mortgagee named. The real party in interest may be an assignee of the mortgagee or someone subrogated to his rights under the mortgage, or even a third person not

## C.    IT IS LEGALLY IMPOSSIBLE TO "USURP" THE RIGHTS AND PRIVILEGES OF THE CLERK OF DUVAL COUNTY TO MAINTAIN THE PUBLIC LAND RECORDS FOR THE FILING AND RECORDING OF LIENS ON REAL PROPERTY

In addition to Plaintiff's baseless and patently wrong legal premise that MERS cannot

be a mortgagee, Plaintiff makes the equally baseless legal allegation that the MERS® System

that tracks the beneficial interests in the promissory notes secured by the recorded mortgage

has "usurped the rights and privileges of the Florida Clerks of Court by establishing,

maintaining, and inducing lenders to use its private recording system, which unlawfully

interferes and competes with the public recording system."  Compl. ¶ 25.

The allegation that the MERS® System, or for that matter any private system, has or

could "usurp" the rights and privileges of the Circuit Clerk is silly and a legal impossibility,

and thus cannot be the basis for a cause of action.  The public recording system for real

property situated in a given Florida County is singularly able to do that which the Florida

Legislature created the system to do: to place the general public on notice of the documents

establishing the lien on the real property and when such documents were recorded on the

property establishing the lien on the real property.  *See Rinehart v. Phelps,* 7 So. 2d 783, 786

(Fla. 1942); *Tyler v. Johnson*, 55 So. 870, 870 (Fla. 1911).  There is no "private" mechanism

---

answering either of these descriptions."); *Commercial Germania Trust & Sav. Bank v. White*, 81 So. 753, 754 (La. 1919) ("a mortgagor may make a mortgage in favor of a nominal, or straw, mortgagee"); *Govane Bldg. Co. v. Sun Mortg.*, 144 A. 486, 488 (Md. 1929) ("Nor is it material that the debt was due to the mortgagee as agent only, if he in good faith represented the indebtedness to a real creditor, and was duly authorized to take the mortgage in his own name."); *Boruchoff v. Ayvasian*, 323 Mass. 1, 10 (1948) ("[W]here a mortgage and the obligation secured thereby are held by different persons, the mortgage is regarded as an incident to the obligation, and, therefore, held in trust for the benefit of the owner of the obligation."); *Adams v. Niemann*, 8 N.W. 719, 720 (Mich. 1881) ("A mortgage to a third person would be as valid as a mortgage to a creditor.  The choice of a mortgagee is a matter of convenience."); *Lawrenceville Cement Co. v. Parker*, 15 N.Y.S. 577, 578 (Sup. Ct. 1891) (holding that bank official could hold mortgage, as mortgagee, for bank, which held the underlying promissory note); *Ogden State Bank v. Barker*, 40 P. 769, 769 (Utah 1895) ("The mere fact that the mortgagee was not the real owner of the notes, but was simply a trustee or agent for the owner, does not affect the validity of the mortgage.").

by which a mortgagee, such as MERS or any other lienholder, may place a subsequent

purchaser or creditor on constructive notice of an interest in the land.

The recording of a document in the public records "imputes constructive notice" on

creditors and subsequent purchasers. *Rinehart*, 7 So. 2d at 786; *see also Zaucha v. Town of

Medley*, 66 So. 2d 238, 240 ("The record is constructive notice to creditors and subsequent

purchasers."). Constructive notice is notice imputed to a person not having actual notice.

*Rinehart*, 7 So. 2d at 786. Constructive notice is a legal inference. *Id.* The Florida recording

statutes create the legal inference that creditors and subsequent purchasers are on notice of

information in properly recorded instruments. *Paterson v. Brafman*, 530 So. 2d 499, 500

(Fla. 3d DCA 1988) (There is a "basic, irrefutable principle that those who subsequently deal

with real property are placed on constructive notice of the relevant contents of a properly

recorded instrument."); *Leffler v. Smith*, 388 So. 2d 261, 263 (Fla. 5th DCA 1980) ("Under

Florida's recording act, the recordation of an instrument is constructive notice to creditors

and subsequent purchasers.").

To impart constructive notice on creditors and subsequent purchasers, and thus to

take advantage of the sole purpose of the recording statutes that Plaintiff claims MERS is

usurping, a person must properly record the instrument according to law. §§ 701.02(1),

695.01(1), Fla. Stat.; *Tyler*, 55 So. 870 at 870 (A "proper record . . . affords constructive

notice."); *Tri-County Produce Distribs., Inc. v. Ne. Prod. Credit Ass'n*, 160 So. 2d 46, 51

(Fla. 1st DCA 1963) ("The proper record of conveyance affords constructive notice."). To

properly record an instrument according to Florida law, it must be recorded in "the office of

the clerk of the circuit court." §§ 695.11, § 28.222, Fla. Stat. Once the Circuit Clerk

accepts the instrument and affixes the "official register numbers" to the instrument, the instrument is deemed constructive notice. § 695.11, FLA. STAT.

Creditors and subsequent purchasers are required to search the public records and *"nothing more"* to ascertain existing claims against proposed purchases of interests in land. *See Poladian v. Johnson*, 85 So. 2d 140, 141 (Fla. 1955) (emphasis added); *see also* 66 Am. Jur. 2d Records and Recording Laws § 40 ("Recording statutes provide a place and a method by which an intending purchaser or encumbrancer may determine just what kind of title he or she is obtaining *without searching beyond public records*.") (emphasis added).

Because recording in the public records with the Clerk of the Court is the *only way* to place the general public on notice of when a lien is established on Florida real property, MERS cannot possibly usurp the "rights and privileges" of the Clerk in carrying out its ministerial duties in maintaining these private records. Any action taken by the MERS Defendants does not and cannot legally place the public on notice of a lien on Florida property or of when such lien was placed on the property–which is the only purpose of the public recording system. The MERS® System tracks *internally* the ownership of loans secured by mortgages, since MERS is serving as mortgagee for the Lender and for entities to whom the Lender sells or transfers the note; it does not provide, it cannot provide, nor is it alleged to provide, constructive notice to creditors and subsequent purchasers of liens on property. Because the MERS Defendants, which are Delaware corporations, cannot "usurp" the rights and privileges of the Duval County Clerk or in any way "compete" with the Clerk in regard to the public recording system and its legal effects, the Plaintiff's Complaint should be dismissed with prejudice.

### D.  PLAINTIFF LACKS STANDING

In addition to the wholesale failure of Plaintiff's basic legal premises that MERS is an "unlawful scheme" and that MERS is unlawfully usurping Plaintiff's rights under the recording statutes, Plaintiff's Complaint also fails because he lacks standing to assert a violation of § 28.222 or to assert a legal right to the recording fees that are the basis for Plaintiff's alleged damages.

Plaintiff must fulfill three requirements for standing: "(1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant; and (3) the likelihood that the injury will be redressed by a favorable decision." *McNeely v. Berk*, No. 5:10–cv–682–Oc–37TBS, 2011 WL 5358057, at *6 (M.D. Fla. Oct. 31, 2011).

In his Complaint, Plaintiff claims that "[t]he MERS private recording system violates Section 28.222," and that he is injured from this violation because he has been deprived of the recording fees for documents that were never recorded.  *Id.* ¶¶ 16, 23, 25.  Each of Plaintiff's Counts is premised on this underlying allegation. Compl. ¶¶ 38–78.  Plaintiff lacks standing because § 28.222 does not create a private right of action and because the Clerk of the Court has no legally protected interest in recording fees for security instruments, including mortgage assignments, that were never recorded.

### 1.  The "Clerk to be County Recorder" Statute Does Not Provide the Clerk with a Private Cause of Action.

The statute Plaintiff invokes as a basis for his claims–section 28.222 of the Florida

Statutes ("Clerk to be county recorder")–does not create a civil cause of action and thus the

legislature did not authorize the Clerk of the Court to file this lawsuit.   If the statute itself

fails to create a cause of action, as section 28.222 fails to do, then "a violation of statute can

serve as the basis for a private cause of action" only if the legislature clearly intended to

create a cause of action for the Clerk to sue under. *Aramark Unif. & Career Apparel, Inc. v.*

*Eason*, 894 So. 2d 20, 23 (Fla. 2004); *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla.

1994) ("legislative intent . . . is the primary factor considered by a court in determining

whether a cause of action exists when a statute does not expressly provide for one").  Absent

a clear legislative intent, "a private right of action is not implied."  *Villazon v. Prudential*

*Health Care Plan, Inc.*, 843 So. 2d 842, 852 (Fla. 2003).

Legislative intent is determined "from the plain meaning of the statute." *Aramark*,

894 So. 2d at 20.  The "Clerk to be county recorder" statute merely sets forth the

"operational" and "ministerial" duties of a Circuit Clerk.  *First Am. Title Ins. Co. of St. Lucie*

*County v. Dixon*, 603 So. 2d 562, 566 (Fla. 4th DCA 1992).  It does not purport to create any

rights on behalf of Plaintiff.  And there is absolutely nothing in the statutory language or

purpose that remotely indicates any intent to create a cause of action on behalf of clerks.

When analyzing legislative intent, the court may also consider whether the plaintiff is

part of the class for whose special benefit the statute was enacted.  *Fischer v. Metcalf*, 543

So. 2d 785, 788-89 (Fla. 3d DCA 1989).  Circuit clerks are not part of any class for whose

benefit the "Clerk to be county recorder" statute was enacted.  To the contrary, all of the

recording statutes were enacted to benefit those individuals "claiming an interest in land,

including bona fide purchasers of property and creditors of property owners." *First Am. Title Ins. Co.*, 603 So. 2d at 564-65.  Moreover, the "Clerk to be county recorder" statute does not proscribe any conduct that could be violated by MERS; it merely lists the ministerial duties required of a Circuit Clerk in recording instruments that he or she is required or authorized to record.  § 28.222, FLA. STAT.; *First Am. Title*, 603 So. 2d at 566 (describing the Circuit Clerk's "statutorily prescribed *ministerial duties*") (emphasis added).

In sum, there is no express or implied right of action under § 28.222 to allow Plaintiff to sue for anything, much less to compel the recording of documents.  Accordingly, because the Complaint is premised on Plaintiff's allegation of rights to recording fees pursuant to § 28.222, the Court should dismiss the entire Complaint with prejudice.

> **2.      Plaintiff also lacks standing because he has no legally protected interest in collecting recording fees for documents that were never recorded.**

Plaintiff's assertion of damages based upon the deprivation of recording fees for documents that were not recorded fails for two additional independent reasons.  First, no matter what theory Plaintiff relies on to arrive at the fact that the MERS Defendants are not recording mortgage assignments, there is simply no duty in Florida to record a document and thus Plaintiff cannot be injured if a document is not recorded and the accompanying recording fee is not paid.  Second, even if some party had a duty to record a document, Plaintiff is not entitled to recording fees when he did not record a document and did not provide any service for the fees he now wants to collect.

> **a.      There is no duty to record mortgages or assignments of mortgages in Florida and thus Plaintiff cannot be injured by the absence of recording and the absence of the accompanying recording fees**

The plain text of the Florida Statutes authorizing the recording of mortgage assignments, as well as the purpose behind the statutes, shows that the recording of such mortgage assignments (or any security instrument) to be at the unfettered discretion of the one wishing to record the document itself.  And there is no basis that the government, including the Clerk of the Court, has some right to compel the recording of mortgage assignments, the failure of which entitles the Clerk to the recording fees not paid.  *See* FLA. STAT. § 701.02(1) (Assignment not effectual against creditors unless recorded and indicated in title of document).  Section 701.02, far from establishing any duty to record a mortgage assignment, simply states that a mortgage assignment is not effective in providing constructive notice to creditors and subsequent purchasers *unless it is* recorded according to Florida law.  *Id.*  There is no language in any Florida statute, or in any Florida case law, remotely suggesting that the recording of a mortgage assignment is mandatory, and Plaintiff does not allege that it is mandatory.

Consistent with the plain text of the statute, the history and purpose of the recording statutes demonstrate that there was never an intent or a need to *require* recording, but only an intent to create a mechanism to provide notice to subsequent bona fide purchasers or creditors of an encumbrance on real property.  *Townsend v. Morton,* 36 So. 3d 865, 869 (Fla. 5th DCA 2010) (The intent of the Florida recording statutes is "to protect the rights of bona fide purchasers of property and creditors of property owners."); *Tri-County Produce*, 160 So. 2d at 51 ("The record of an instrument is constructive notice to creditors and subsequent purchasers.").  Recording statutes have no effect, and were never intended to have an effect, on the overall validity of a mortgage or lien as it relates to the debtor; they merely affect the

priority of the lien and whether it is perfected in relation to subsequent bona fide purchasers or creditors without notice of the lien. *See Fong v. Batton*, 214 So. 2d 649, 652 (Fla. 3d DCA 1968) (The Florida recording statute protects the "rights of bona fide purchasers of property, and creditors . . . rather than the immediate parties to the conveyance to the property."). Consistent with the purpose of the recording statutes, the *only consequence* resulting from the failure to record a security instrument like a mortgage is that the mortgagee, creditor, or lender foregoes the protections or safe harbors provided by the statute against claims brought by subsequent purchasers or creditors of the real property. *Mfrs. Trust Co.*, 149 So. at 7 ("Failure to record [an assignment of mortgage], as with failure to record a deed or mortgage, renders them *invalid as against subsequent purchasers or mortgagees* for value and without notice.") (emphasis added).

Therefore, under no legal theory can it be said that a person is required or must record a mortgage or an assignment of a mortgage. *See, e.g., In re Halabi,* 184 F.3d 1335, 1338 (11th Cir. 1999) (A subsequent assignment of mortgage "whether recorded or not" does not change the interest of the mortgagor or someone claiming under him.). In fact, there do not appear to be any cases anywhere, including Florida, where a court has held that mortgage assignees are required or have a duty to record their interest in property.[7]

---

[7]    There is, however, one recent case where, like here, it was alleged that mortgages and mortgage assignments must be recorded and that the failure to do so *required* the payment of recording fees. So frivolous was the legal theory that mortgages and mortgage assignments must be recorded that the Court, *sua sponte,* ordered the Plaintiff to show cause why the complaint should not be dismissed because it was "legally frivolous." *Bates v. MERS, Inc.*, No. 3:10-cv-407, 2011 WL 1304486, at *3 (D. Nev. Mar. 30, 2011),) *appeal docketed*, No, Case: 11-16310 (9th Cir, May 25, 2011). After the plaintiff's efforts failed to show cause why the claim was not baseless, and without the defendants even filing a motion to dismiss, the court dismissed the case with prejudice. *Id.* The *Bates* court explained:

> Recordation of an interest in land simply serves to perfect one's interest in real property by putting the world at large on constructive notice of the claimed interest; but recordation is not

Because there is no stand-alone duty to record an assignment of mortgage, it cannot violate Florida law to avoid the recording of assignments. Plaintiff, therefore, cannot assert a "right" to fees for the recording of assignment of mortgage, no matter what theory underlies his claim, and he could not, as a matter of law, have been "deprived" of such fees if a document is not recorded.

> **b.**     **Even if there were a duty to record a particular document, Plaintiff cannot be injured by the "deprivation" of recording fees because he is not entitled to a recording fee until he provides the service of recording the instrument.**

Plaintiff is unable to allege any injury based on the loss of recording fees (Compl. ¶ 21), not only because there is no duty to record mortgage assignments, and thus no way to improperly avoid them, but because Plaintiff–a government official charged with providing citizens with services and charging user fees for those services–is not entitled to a fee for a service not yet performed. Florida Statutes Section 28.24, captioned "Service charges by clerk of the circuit court", provides the *amounts* that the clerk of court in Florida "charge[s] for service *rendered by the clerk's office* in recording documents and instruments". § 28.24, FLA. STAT. (emphasis added).

A recording fee is a "Service charge" that the Clerk is statutorily empowered to charge and collect. *Id.* This service charge is "authorized *for services performed* by the clerk's office in recording documents and instruments" (Fla. AGO 2008-03, 2008 WL

---

required to validate one's interest. Every law student studying for the bar exam understands this better than he cares to. . . . If Defendants do not wish to record assignments of loans or deeds of trust, they need not do so. A party may choose to avoid the filing fee and hassle of recording an assignment if it would rather bear the risk that its interest in the property will not be protected from a potential subsequent bona fide purchaser under the applicable recording statute.

*Id.*

290918, at *1 (Fla. A.G. 2008)) (emphasis added), and it is intended to help offset the costs

of the service. *See Greco v. Tampa Wholesale Co.*, 522 So. 2d 506, 508 (Fla. 2d DCA 1988).

Thus, in order for Plaintiff to allege that he is *entitled to* a recording fee, he must render the

service for which he is rendering, which is the recording of the instrument.  Because Plaintiff

has not alleged a failure to pay the service charge or recording fee for any service rendered

by the Clerk of the Court or for the document actually recorded, Plaintiff has not and cannot

allege that he has been injured by the "avoidance" of payment of recording fees.

Accordingly, Plaintiff lacks standing to bring any claim that relies on recording fees as

damages.  *See Advanced Cartridge Techs., LLC v. Lexmark Intern. Inc.*, 2011 WL 6719725,

*5 (M.D. Fla. 2011) (plaintiff lacks standing to assert a claim where plaintiff "incurred no

judicially cognizable injury"); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F. 3d 1229,

1232 (11th Cir. 2008) ("a plaintiff without an injury in fact lacks Article III standing, and the

federal courts do not have jurisdiction over his or her complaint").

### E.  THE COMPLAINT FAILS TO STATE COGNIZABLE CLAIMS.

Plaintiff's six individual counts do not allege any additional facts, but rely exclusively

on the legal theories already shown to be without any support in the law.  Each count fails to

allege facts and legal elements necessary to state a claim for relief and each should be

dismissed.

#### 1.  Plaintiff's Count I Fails To State A Cause Of Action Writ of Quo Warranto

A common law writ of quo warranto is wholly inapplicable to Plaintiff's allegations

against private parties performing private functions, such as the MERS Defendants.  Quo

warranto is employed to challenge the right of an individual to hold public office or to allege

that a public officer has exceeded the rights or privileges granted by his or her office.  *State ex rel. Bruce v. Kiesling*,  632 So.2d 601, 603 (Fla. 1994) ("quo warranto is employed either to determine the right of an individual to hold public office or to challenge a public officer's attempt to exercise some right or privilege derived from the State."); *Fouts v. Bolay*, 795 So. 2d 1116, 1117 (Fla. 5th DCA 2001) ("quo warranto is a writ of inquiry through which a court determines the validity of a party's claim that an individual is exercising a public office illegally").  Because the MERS Defendants are not public officers, and are not alleged to be exceeding powers granted by the state, the writ has no applicability to the MERS Defendants.[8]

Plaintiff makes the conclusory allegation that "MERS has usurped the rights, privileges, and authority of the Florida Clerks of Court," (Compl. ¶ 43), and his factual allegations are that MERS has set up a "competing, private recording system," and encourages mortgage lenders to use this private system "in lieu" of recording in the public records.  *Id.*  Plaintiff does not allege that MERS is exceeding, or for that matter exercising, a right or power derived from the state.  To the contrary, Plaintiff's allegations are of decidedly private conduct, and conduct which has already been demonstrated in section II(C) of this memorandum to be legally incapable of usurping, competing with, or in any way providing

---

[8]  *See e.g. Martinez v. Martinez*, 545 So.2d 1338, 1339 (Fla. 1989) ("Quo warranto is the proper method to test the "exercise of some right or privilege, the peculiar powers of which are derived from the State." *Winter v. Mack*, 142 Fla. 1, 8, 194 So. 225, 228 (1940). *Compare, e.g., State ex rel. Smith v. Brummer*, 426 So.2d 532 (Fla. 1982) (quo warranto issued because public defender did not have authority to file class action on behalf of juveniles in federal court), cert. denied, 464 U.S. 823, 104 S.Ct. 90, 78 L.Ed.2d 97 (1983); *Orange County v. City of Orlando*, 327 So.2d 7 (Fla. 1976) (legality of city's actions regarding annexation ordinances can be inquired into through quo warranto); *Austin v. State ex rel. Christian*, 310 So.2d 289 (Fla. 1975) (power and authority of state attorney should be tested by quo warranto)").

an alternative to recording liens in the public records.  For this reason, Plaintiff cannot

maintain a cause of action for writ of quo warranto against the MERS Defendants.

### 2. Plaintiff's Count IV Fails To State A Cause of Action For Unjust Enrichment.

In Florida, the plaintiff must show the following elements for an unjust enrichment

claim: "(1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2)

defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are

such that it would be inequitable for the defendant to retain the benefit without paying the

value thereof to the plaintiff."  *Peoples Nat. Bank of Commerce v. First Union Nat'l Bank of*

*Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996).

According to Plaintiff's Complaint, the MERS Defendants are unjustly enriched

because Plaintiff confers the benefit of recording mortgages for MERS in Florida's public

recording system.  Compl. ¶ 62.  But Plaintiff does not allege that the MERS Defendants

failed to pay the recording fee for any mortgage or assignment of mortgage that Plaintiff

recorded.  *See Id.* ¶¶60-66.  And Plaintiff does not allege any other benefit that he has

conferred upon the MERS Defendants.  *Id.*  Plaintiff alleges that MERS and its members

have "failed to record assignments of mortgages," (*id.* ¶ 65), but fails entirely to allege how

this constitutes a benefit conferred by Plaintiff.  By definition, Plaintiff provides no service

and confers no benefit when a document is *not* recorded.  Plaintiff additionally alleges that

"MERS receives fees from its members" (*id.* ¶ 64), but again fails to allege how this

constitutes a benefit conferred by Plaintiff.  Because there is no allegation that Plaintiff

conferred any benefit on the MERS Defendants for which he was not compensated,

Plaintiff's unjust enrichment claim should be dismissed.  *Peoples Nat. Bank of Commerce*,

667 So.2d at 879 (dismissing claim for unjust enrichment where there was no allegation that plaintiff conferred a benefit on defendant).

### 3. Plaintiff's Counts V and VI Fail To State Causes Of Action For Fraudulent Misrepresentation Or Negligent Misrepresentation.

In Florida, "[t]o state a cause of action for fraudulent misrepresentation, a plaintiff is required to allege: (1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages." *Phan v. Accredited Home Lenders Holding Co.*, 2010 WL 1268013, *6 (M.D. Fla. 2010). Similarly, a claim for negligent misrepresentation requires that: "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." *Nianni, LLC v. Fox*, 2011 WL 5357820, at *6 (M.D. Fla. 2011). Plaintiff fails to plead any of the requisite elements for either claim. Moreover, both claims are subject to Rule 9(b)'s heightened pleading requirements, which require a complaint to state with particularity the specific circumstances constituting fraud. *Phan*, 2010 WL 1268013 at *6 (M.D. Fla. 2010) (fraudulent misrepresentation); *Craig v. Little Pearls Adoptions Agency, Inc.*, 2011 WL 2693716, at *3 (M.D. Fla. 2010) (negligent misrepresentation).

In both claims, Plaintiff alleges that the misrepresentation of material fact was the designation on mortgage contracts that "MERS is the 'mortgagee.'" Compl. ¶¶ 69, 75. As a

matter of law, however, this is not a false statement; it is a legal designation in a contract. And Florida and Eleventh Circuit case law has affirmed the designation of MERS as the mortgagee. *E.g. Trent*, 618 F. Supp. 2d at 1362 ("[MERS] is the mortgagee"); *Taylor*, 44 So. 3d at 622. And where courts have consistently held that MERS is the mortgage and allowed MERS to enforce its rights as mortgagee, Plaintiff cannot claim that the designation was "knowingly false." Moreover, the documents that MERS allegedly caused to be recorded (Compl. ¶¶ 69, 75), are not "representations" to Plaintiff, they are merely documents placed in the public records. A recording is not a statement to the Clerk, it is constructive notice to the public at large. *Paterson*, 530 So. 2d at 500. Plaintiff has no interest in the content of a mortgage unless he is the mortgagor, mortgagee, or a subsequent purchaser, none of which is alleged, and therefore, in recording a mortgage, Plaintiff is merely performing his statutorily described ministerial duty (*First Am. Title Ins. Co*., 603 So. 2d at 566), and cannot plausibly allege to have relied on the contents of a recorded document to his detriment. And lastly, because Plaintiff does not allege that registration fees were not paid at the time of recording, his claims lack any plausible allegation as to how he was damaged by recording documents and receiving the registrationfee as he is required to do by statute. *Id.*[9]

### 4. Plaintiff's Count II Fails To State A Cause Of Action For Injunctive Relief.

---

[9] In the ongoing MERS multi-district litigation, all civil conspiracy, fraud, unjust enrichment and intentional/negligent misrepresentation claims asserted against MERS have been dismissed with prejudice. See *In re MERS Litig*. (MDL 2119), 2011 WL 4550189, at *9 (D. Ariz. Oct. 3, 2011), ECF No. 1602 (dismissing claim for unjust enrichment against MERS for failure to state a claim); *In re MERS Litig*. (MDL 2119), 2011 WL 251453, at *8-10 (D. Ariz. Jan. 25, 2011), ECF No. 1247 (dismissing claims for conspiracy to commit fraud, intentional/negligent misrepresentation and unjust enrichment against MERS for failure to state a claim); *In re MERS Litig*. (MDL 2119), 744 F. Supp. 2d 1018, 1029-32 (D. Ariz. 2010) (dismissing claims for conspiracy to commit fraud and unjust enrichment against MERS for failure to state a claim).

Injunctions are remedies for underlying causes of action, not separate causes of action.  *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288 (M.D. Fla. 2009) ("an injunction is not a cause of action but a remedy"); *Hostway Servs., Inc. v. Hway FTL Acquisition Corp.*, 2010 WL 3604671, at *3 n.2 (S.D. Fla. 2010) ("injunctive relief . . . is a remedy, not a cause of action").  Thus, because Plaintiff fails to state a separate cause of action, Plaintiff is not entitled to injunctive relief.  *See Pierson*, 619 F. Supp. 2d at 1288 ("While Plaintiff may certainly request injunctive relief where appropriate, there must be an underlying claim upon which to base the request . . . [a claim for injunctive relief] cannot stand on its own and must be dismissed").

### 5.    Plaintiff's Count III Fails To State A Cause Of Action For Civil Conspiracy.

Civil conspiracy is not an independent cause of action—it must arise from some other underlying wrong.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("Under Florida law, the gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy . . . a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim").  Thus, for a plaintiff to successfully plead a civil conspiracy, he or she must separately plead an underlying wrong that itself would give rise to a right of action.  *See Wright v. Yurko*, 446 So. 2d 1162, 1165 (Fla. 5th DCA 1984) (affirming dismissal of conspiracy claim where underlying tort not alleged).  Because Plaintiff has not pled any cause of action as against the MERS Defendants, his claim for civil conspiracy must also be dismissed.

### III.    CONCLUSION

For the above stated reasons, Defendants MERSCORP Inc. and Mortgage Electronic

Registration Systems, Inc. respectfully request that the Court grant this Motion and dismiss

the Complaint with prejudice.

Dated:  December 27, 2011                    Respectfully submitted,

                                             s/Robert M. Brochin
                                             Robert M. Brochin
                                             Andrew B. Boese (admission pending)
                                             Morgan, Lewis & Bockius LLP
                                             200 South Biscayne Boulevard, Suite 5300
                                             Miami, FL 33131-2339
                                             Telephone:    (305) 415-3456
                                             Facsimile:    (305) 415-3001
                                             rbrochin@morganlewis.com
                                             *Attorneys for Defendants MERSCORP Inc.*
                                             *and Mortgage Electronic Registration*
                                             *Systems, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 27, 2011, I filed the foregoing motion with the

Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing

to:

> Timothy W. Volpe
> Ian R. McKillop
> 501 Riverside Avenue, 7th Floor
> Jacksonville, Florida  32202
> Telephone:     (904) 355-1700
> Facsimile:     (904) 355-1797
> *Counsel for Plaintiff*
>
> s/Robert M. Brochin
> Robert M. Brochin

DB1/ 68703790.7

27